596 A.2d 798

**In re Former Judge Arthur D. DALESSANDRO, Court of Common Pleas, Luzerne County, Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Sept. 27, 1990.

Decided Sept. 13, 1991.

J. Shane Creamer, Joseph A. Quinn, Jr., Anthony C. Falvello, Walter T. Grabowski, for respondent.

Robert L. Keuch, Executive Director, for J.I.R.B.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This matter comes before the Court on the Petition of the Judicial Inquiry and Review Board to Implement Automatic Forfeiture of Judicial Office. The Board filed its petition on February 8, 1990, requesting that the Court issue a Rule to Show Cause why the Arthur D. Dalessandro should not be subject to the provisions of Article 5, Section 18*(l)* of the Pennsylvania Constitution and be declared automatically removed from his judicial office as of January 19, 1990, and thereafter be ineligible for judicial office. Although we did not issue the Rule requested by the Petition, on August 1, 1990, we entered an Order directing that the matter be listed for oral argument at the Pittsburgh session of Court commencing September 24, 1990.

On October 25, 1989, Dalessandro pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of attempted income tax evasion in violation of 26 U.S.C. § 7201. On October 24, 1989, the day before the entry of his guilty plea, Dalessandro resigned his position as judge of the Court of Common Pleas of Luzerne County. On January 19, 1990, Dalessandro was sentenced to serve a term of one year in a federal prison and to pay fines totalling $30,000.00 plus costs.

Based on the analysis set out in *In re: Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991), we hold that Dalessandro was not "convicted of misbehavior in office" so as to require automatic forfeiture of office pursuant to Article V, Section 18(*l*). Accordingly, the present Petition filed by the Judicial Inquiry and Review Board is dismissed.

242

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., files a concurring opinion.

FLAHERTY and PAPADAKOS, JJ., file dissenting opinions.

NIX, Chief Justice, concurring.

For the reasons articulated in my concurring opinion in *In re: Scott*, 528 Pa. 206, 596 A.2d 150 (1991), I concur with the majority.

FLAHERTY, Justice, dissenting.

I dissent for the reasons stated in my dissenting opinion in *In re: Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991).

PAPADAKOS, Justice, dissenting.

I respectfully dissent from the majority view that Respondent is not subject to removal from judicial office because he was not "convicted of misbehavior in office" so as to require automatic forfeiture of office pursuant to Article V, Section 18(*l*), of the Constitution of Pennsylvania. I agree that automatic forfeiture is not called for here, but Respondent's voluntary resignation from office is not a *quid pro quo* for avoiding the imposition of removal from judicial office and the attendant forfeiture of the right ever again to run for judicial office.

I believe the present record before us is more than adequate to support our removal from office of the Respondent and we should do so. As matters stand now, the Respondent is free to run for judicial office again in spite of his convictions.